## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RUHI REIMER, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| BOOST INSURANCE AGENCY, INC., | : : | |
| Defendant. | : : : : | **JURY TRIAL DEMANDED** |
| | / | |

Plaintiff Ruhi Reimer (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by Boost Insurance Agency, Inc. ("Boost") to market its services through the use of automated telemarketing calls in violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA") and the

Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq.* ("VTPPA").

3.     The recipients of Boost's illegal calls, which include Plaintiff and the proposed

classes, are entitled to damages under the TCPA, and because the technology used by Boost makes

calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.     Plaintiff Ruhi Reimer has a Virginia area code telephone number and was

physically present in Virginia at the time of the calls relevant to this Complaint.

5.     Defendant Boost Insurance Agency, Inc. is a Delaware corporation headquartered

in this District.

## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction over the TCPA claim pursuant to 28

U.S.C. § 1331. The Court has supplemental jurisdiction over the VTPPA claims, as they arise out of

the same telemarketing campaign as the TCPA claim.

7.     This Court has general personal jurisdiction over Boost because the company

resides here.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Boost resides here and

directed the calls at issue from this District.

## TCPA BACKGROUND

The National Do Not Call Registry

9.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

12.    Defendant Boost is a "person" as the term is defined by 47 U.S.C. § 153(39).

13.    Boost is an insurance agency.

14.    Plaintiff Reimer's telephone number, 703-477-XXXX, has been registered with the National Do Not Call Registry since prior to 2021.

15.    The Plaintiff received fourteen telemarketing calls from the Defendant between November 4 and November 15, 2021.

16.    All of the calls were made from telephone number 276-409-1694 and did not involve transmission of the name of the caller.  When this telephone number is called back, the phone rings for an extended period before a recorded voice indicates that the voicemail for the telephone number has not been set up.

17.    For example, on November 4 at 3:45pm, the Plaintiff answered a call from telephone number 276-409-1694 and spoke "Rena".

18.    Rena stated that she was calling about an insurance quote for the Plaintiff.

19.    Because the Plaintiff had not requested an insurance quote, he hung up.

20.    Plaintiff was called again on November 4 at 4:16pm from telephone number 276-409-1694 and again answered so he could identify the caller.

21.    After a couple of questions related to providing an insurance quote, the caller identified themselves as "Boost Insurance", a "broker that works with Allstate".

22.    Plaintiff then terminated the call.

23.    Plaintiff did not provide his prior express written consent to receive the telemarketing calls at issue and did not have a prior business relationship with Boost.

24.    Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

26.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Do Not Call Class**: All persons within the United States (1) to whose telephone number registered with the National Do Not Call Registry for at least thirty days at the time of each text message (2) Defendant (or an agent acting on behalf of Defendant) made more than one telemarketing call within a 12-month period (3) from the four years prior to the filing of the complaint through the date of trial.

**Virginia Telephone Privacy Protection Act Do Not Call Registry Class**: All persons in Virginia or with a Virginia area code (1) who received a telephonic sales call regarding Defendant's goods and/or services, (2) to a number on the National Do Not Call Registry (3) from the four years prior to the filing of the complaint through the date of trial.

4

**Virginia Telephone Privacy Protection Act Failure to Identify Class**: All persons in Virginia or with a Virginia area code (1) who received a telephonic sales call regarding Defendant's goods and/or services, (2) during which the caller failed to promptly identify themselves by first and last names and/or failed to promptly identify the Defendant as the persons on whose behalf the telephone solicitation was being made (3) from the four years prior to the filing of the complaint through the date of trial.

**Virginia Telephone Privacy Protection Act Caller Identification Class**: All persons in Virginia or with a Virginia area code (1) who received a telephonic sales call regarding Defendant's goods and/or services, (2) that did not include the transmission of the name of the caller or from a number that did not permit, if called back during regular business hours, an individual to make a request not to receive telephone solicitation calls (3) from the four years prior to the filing of the complaint through the date of trial.

27.     Plaintiff Reimer is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Classes' members.

28.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

30.     This Class Action Complaint seeks injunctive relief and money damages.

31.     The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

32.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Classes' members number, at minimum, in the hundreds in each class.

5

33.     The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

34.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

35.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

     (a) whether Defendant made telemarketing calls without first obtaining prior express written consent;

     (b) whether Defendant systematically sent made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;

     (c) whether Defendant's conduct constitutes a violation of the TCPA and VTPPA; and

     (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

36.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

37.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

38.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

39.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

40.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227(b)) on behalf of Plaintiff and the Do Not Call Class

41.     Plaintiff incorporates the allegations from paragraphs 1-40 as if fully set forth herein.

42.     Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the Do Not Call Class while those persons' phone numbers were registered on the National Do Not Call Registry.

43.     As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Do Not Call Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.     Plaintiff and Do Not Call Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## COUNT II
### Violation of the Virginia Telephone Privacy Protection Act,
### (Va. Stat. § 59.1-514) On Behalf of Plaintiff and the Virginia
### Telephone Privacy Protection Act National Do Not Registry Call Class

45.     Plaintiff incorporates the allegations from paragraphs 1-40 as if fully set forth herein.

46.     Plaintiff brings this claim individually and on behalf of the Virginia Telephone Privacy Protection Act National Do Not Call Registry Class Members against Defendant.

47.     It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry ...." Va. Stat. § 59.1-514(B).

48.     A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment ...." *Id* at § 59.1-510.

49.     Defendant failed to secure prior express written consent from Plaintiff and the class members.

50.     In violation of the VTPPA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the class members without Plaintiff's and the class members' prior express written consent even though the class members were on the National Do Not Call Registry.

51.     As a result of Defendant's conduct, and pursuant to § 59.1-515 of the VTPPA, Plaintiff and the class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class members are also entitled to an injunction against future calls. *Id.*

**COUNT III**
**Violation of the Virginia Telephone Privacy Protection Act,**
**(Va. Stat. § 59.1-512) On Behalf of Plaintiff and the Virginia**
**Telephone Privacy Protection Act Failure to Identify Call Class**

52.     Plaintiff incorporates the allegations from paragraphs 1-40 as if fully set forth herein.

53.     Plaintiff brings this claim individually and on behalf of the Virginia Telephone Privacy Protection Act Failure to Identify Class Members against Defendant.

54.     It is a violation of the VTPPA to make or have made a telephonic sales call during which the caller fails to promptly identify themselves by first and last names and/or fails to promptly identify on whose behalf the telephone solicitation is being made. Va. Stat. § 59.1-512.

55.     A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment …." *Id* at § 59.1-510.

56.     Defendant failed to secure prior express written consent from Plaintiff and the class members.

57.     In violation of the VTPPA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the class members without Plaintiff's and the class members' prior express written consent even though during the calls the caller failed to promptly identify themselves by first and last names and/or failed to promptly identify the Defendant as the persons on whose behalf the telephone solicitations were being made.

58.     As a result of Defendant's conduct, and pursuant to § 59.1-515 of the VTPPA, Plaintiff and the class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class members are also entitled to an injunction against future calls. *Id.*

**COUNT IV**
**Violation of the Virginia Telephone Privacy Protection Act,**
**(Va. Stat. § 59.1-513) On Behalf of Plaintiff and the Virginia**
**Telephone Privacy Protection Act Caller Identification Class**

59.     Plaintiff incorporates the allegations from paragraphs 1-40 as if fully set forth herein.

60.     Plaintiff brings this claim individually and on behalf of the Virginia Telephone Privacy Protection Act National Do Not Call Registry Class Members against Defendant.

61.     It is a violation of the VTPPA to make or have made telephone solicitation calls that do not include the transmission of the name of the caller and/or from numbers that do not permit, if called back during regular business hours, an individual to make a request not to receive telephone solicitation calls. Va. Stat. § 59.1-513.

62.     A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment …." *Id* at § 59.1-510.

63.     Defendant failed to secure prior express written consent from Plaintiff and the class members.

64.     In violation of the VTPPA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the class members without Plaintiff's and the class members' prior express written consent even though the calls did not include the transmission of the name of the caller and/or were made from numbers that did not permit, if called back during regular business hours, an individual to make a request not to receive telephone solicitation calls.

65.     As a result of Defendant's conduct, and pursuant to § 59.1-515 of the VTPPA, Plaintiff and the class members were harmed and are each entitled to a minimum of $500.00 in

damages for each violation. Plaintiff and the class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA and VTPPA;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Date: December 9, 2021                          */s/ Avi R. Kaufman*
                                                Avi R. Kaufman
                                                KAUFMAN P.A.
                                                400 Northwest 26th Street
                                                Miami, Florida 33127
                                                305-469-5881
                                                rachel@kaufmanpa.com

                                                *Attorney for Plaintiff and proposed classes*

11